IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ROYAL HOSPITALITY CORP., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:18-CV-00102 |
| | § | |
| UNDERWRITERS AT LLOYD'S | § | JURY REQUESTED |
| LONDON SUBSCRIBING TO POLICY | § | |
| NUMBER W1E467190101, | § | |
| BEAZLEY LLOYD'S SYNIDCATE 2623, | § | |
| BEAZLEY LLOYD'S SYNIDCATE 623, | § | |
| LIBERTY SURPLUS INSRUANCE | § | |
| CORPORATION, HALLMARK | § | |
| SPECIALTY INSURANCE COMPANY, | § | |
| UNDERWRITERS AT LLOYD'S | § | |
| LONDON SUBSCRIBING TO POLICY | § | |
| NUMBER 93PRX17EEF8, LLOYD'S OF | § | |
| LONDON NOVAE 2007 SYNDICATE, | § | |
| AND HOMELAND INSURANCE | § | |
| COMPANY OF NEW YORK, | § | |
| | § | |
| *Defendants*. | | |

**DEFENDANT HOMELAND INSURANCE COMPANY OF NEW YORK'S
FIRST AMENDED ANSWER AND DEFENSES TO
PLAINTIFF'S ORIGINAL COMPLAINT**

Defendant Homeland Insurance Company of New York ("Homeland") files its First
Amended Answer and Defenses to the Original Complaint filed by Plaintiff Royal Hospitality
Corp. ("Plaintiff") and would respectfully show the Court as follows:

**ANSWER**

**I.
THE PARTIES**

1.      On information and belief, Homeland admits the allegations in Paragraph 1 of
Plaintiff's Original Complaint except to state that Plaintiff is a citizen of Delaware and Georgia
for diversity jurisdiction purposes.

2. On information and belief, Homeland admits the allegations in Paragraph 2 of Plaintiff's Original Complaint.

3. On information and belief, Homeland admits the allegations in Paragraph 3 of Plaintiff's Original Complaint.

4. On information and belief, Homeland admits the allegations in Paragraph 4 of Plaintiff's Original Complaint.

5. On information and belief, Homeland admits the allegations in Paragraph 5 of Plaintiff's Original Complaint.

6. On information and belief, Homeland admits the allegations in Paragraph 6 of Plaintiff's Original Complaint.

7. On information and belief, Homeland admits the allegations in Paragraph 7 of Plaintiff's Original Complaint.

8. On information and belief, Homeland admits the allegations in Paragraph 8 of Plaintiff's Original Complaint.

9. Homeland admits that it was properly served in this lawsuit. Homeland denies the remaining allegations in Paragraph 9 of Plaintiff's Original Complaint.

## II.
## JURISDICTION AND VENUE

10. The jurisdictional-related allegations in Paragraph 10 of Plaintiff's Original Complaint are legal conclusions and require no response from Homeland. To the extent a response is required, Homeland states this Court has subject matter jurisdiction over this controversy under 28 U.S.C. § 1332 because the amount in controversy exceeds the jurisdictional limit of this Court.

11. The venue-related allegations in Paragraph 11 of Plaintiff's Original Complaint are legal conclusions and require no response from Homeland.

### III.
### FACTUAL BACKGROUND

12.     Homeland admits the allegations in Paragraph 12 of Plaintiff's Original Complaint.

13.     Homeland admits that the Homeland Insurance Company of New York, Policy No. 795-00-58-84-0000 speaks for itself as to the terms, conditions, limitation, and exclusions applicable to the coverage provided by the Policy.  Homeland lacks sufficient knowledge or information as to the truth of the remaining allegations in Paragraph 13 of Plaintiff's Original Complaint and therefore denies the remaining allegations in Paragraph 13 of Plaintiff's Original Complaint.

14.     Answering Paragraph 14 of Plaintiff's Original Complaint, Homeland admits that that Hurricane Harvey hit certain coastal areas of Texas in August 2017.  Homeland further admits that certain properties insured by the applicable policies (and subject to each's terms, conditions, limitations, exclusions, and/or deductibles) issued by Defendants sustained some damage. Homeland denies all remaining allegations in Paragraph 14 of Plaintiff's Original Complaint.

15.     Answering Paragraph 15 of Plaintiff's Original Complaint, Homeland admits Plaintiff submitted a claim for damages to certain properties allegedly caused by Hurricane Harvey.  Homeland denies all remaining allegations in Paragraph 15 of Plaintiff's Original Complaint.

16.     Answering Paragraph 16 of Plaintiff's Original Complaint, Homeland admits that Plaintiff submitted a claim for damages to certain properties allegedly caused by Hurricane Harvey.  Homeland denies all remaining allegations in Paragraph 16 of Plaintiff's Original Complaint.

17.     Answering Paragraph 17 of Plaintiff's Original Complaint, Homeland admits that it has not issued any payment for the claim submitted by Plaintiff. Homeland denies all remaining allegations in Paragraph 17 of Plaintiff's Original Complaint.

18.     Answering Paragraph 18 of Plaintiff's Original Complaint, Homeland admits that McLarens was retained to inspect the properties made the basis of Plaintiff's claim for coverage under the policies issued by Defendants. Homeland denies all remaining allegations in Paragraph 18 of Plaintiff's Original Complaint.

19.     Homeland denies all allegations in Paragraph 19 of Plaintiff's Original Complaint.

20.     Homeland denies all allegations in Paragraph 20 of Plaintiff's Original Complaint.

21.     Answering Paragraph 21 of Plaintiff's Original Complaint, Homeland admits consultants inspected various properties. Homeland denies all remaining allegations in Paragraph 21 of Plaintiff's Original Complaint.

22.     Answering Paragraph 22 of Plaintiff's Original Complaint, Homeland admits the results of the engineering reports were part of the adjustment process. Homeland denies all remaining allegations in Paragraph 22 of Plaintiff's Original Complaint.

23.     Answering Paragraph 23 of Plaintiff's Original Complaint, Homeland admits that the damages assessed as of January 2018 and at that point in the investigation fell below the deductible in the applicable policies. Homeland denies all remaining allegations in Paragraph 23 of Plaintiff's Original Complaint.

24.     Homeland denies all allegations in Paragraph 24 of Plaintiff's Original Complaint.

25.     Homeland admits it has not paid any insurance proceeds to Plaintiff.  Homeland denies all remaining allegations in Paragraph 25 of Plaintiff's Original Complaint.

26.     Homeland denies all allegations in Paragraph 26 of Plaintiff's Original Complaint.

27.     Homeland denies all allegations in Paragraph 27 of Plaintiff's Original Complaint.

28.     Homeland denies all allegations in Paragraph 28 of Plaintiff's Original Complaint.

29.     Homeland denies all allegations in Paragraph 29 of Plaintiff's Original Complaint.

30.     Homeland denies all allegations in Paragraph 30 of Plaintiff's Original Complaint.

## IV.
## COUNTS

31.     In response to Paragraph 31 of Plaintiff's Original Complaint, Homeland incorporates and re-alleges its responses to the foregoing paragraphs of Plaintiff's Original Complaint as though set forth in full herein.

**A.      Breach of Contract**

32.     Answering Paragraph 32 of Plaintiff's Original Complaint, Homeland admits it issued Homeland Insurance Company of New York, Policy No. 795-00-58-84-0000 to Plaintiff subject to terms, conditions, limitations, and exclusions contained in the policy.  Homeland denies all remaining allegations in Paragraph 32 of Plaintiff's Original Complaint.

**B.      Prompt Payment of Claims Statute**

33.     Homeland denies all allegations in Paragraph 33 of Plaintiff's Original Complaint.

34.     Homeland denies all allegations in Paragraph 34 of Plaintiff's Original Complaint.

**C.      Bad Faith/Deceptive Trade Practices Act ("DTPA")**

35.     Homeland admits the allegations in Paragraph 35 of Plaintiff's Original Complaint. By way of further response, Homeland acted in compliance with Chapter 541 of the Texas Insurance Code throughout the investigation of Plaintiff's claim.

36.     Homeland denies all allegations in Paragraph 36 of Plaintiff's Original Complaint.

(1)     Homeland denies all allegations in Paragraph 36(1) of Plaintiff's Original Complaint.

37.    Homeland denies all allegations in Paragraph 37 of Plaintiff's Original Complaint.

    (1)    Homeland denies all allegations in Paragraph 37(1) of Plaintiff's Original Complaint.

    (2)    Homeland denies all allegations in Paragraph 37(2) of Plaintiff's Original Complaint.

    (3)    Homeland denies all allegations in Paragraph 37(3) of Plaintiff's Original Complaint.

    (4)    Homeland denies all allegations in Paragraph 37(4) of Plaintiff's Original Complaint.

    (5)    Homeland denies all allegations in Paragraph 37(5) of Plaintiff's Original Complaint.

38.    Homeland denies all allegations in Paragraph 38 of Plaintiff's Original Complaint.

    (1)    Homeland denies all allegations in Paragraph 38(1) of Plaintiff's Original Complaint.

    (2)    Homeland denies all allegations in Paragraph 38(2) of Plaintiff's Original Complaint.

39.    Homeland denies all allegations in Paragraph 39 of Plaintiff's Original Complaint.

## V.
## CONDITIONS PRECEDENT

40.    Homeland denies all allegations in Paragraph 40 of Plaintiff's Original Complaint.

By way of further response, discovery in this matter is ongoing, and Homeland reserves the right

to assert that Plaintiff has failed to meet conditions precedent required under Texas statute, Texas law, and/or Homeland Insurance Company of New York Policy Number 795-00-58-84-000.

## VI.
## DAMAGES

41.     Homeland denies all allegations in Paragraph 41 of Plaintiff's Original Complaint.

42.     Homeland denies all allegations in Paragraph 42 of Plaintiff's Original Complaint.

43.     Homeland denies all allegations in Paragraph 43 of Plaintiff's Original Complaint. By way of further response, Homeland specifically denies that Plaintiff is entitled to any of the damages sought in Plaintiff's Original Complaint.

44.     Homeland denies all allegations in Paragraph 44 of Plaintiff's Original Complaint. By way of further response, Homeland specifically denies that Plaintiff is entitled to any of the damages sought in Plaintiff's Original Complaint.

45.     Homeland denies all allegations in Paragraph 45 of Plaintiff's Original Complaint. By way of further response, Homeland specifically denies that Plaintiff is entitled to any of the damages sought in Plaintiff's Original Complaint.

## VII.
## ATTORNEYS' FEES

46.     Homeland denies all allegations in Paragraph 46 of Plaintiff's Original Complaint. By way of further response, Homeland specifically denies that Plaintiff is entitled to any of the damages sought in Plaintiff's Original Complaint.

47.     Homeland denies all allegations in Paragraph 47 of Plaintiff's Original Complaint. By way of further response, Homeland specifically denies that Plaintiff is entitled to any of the damages sought in Plaintiff's Original Complaint.

48.     Homeland denies all allegations in Paragraph 48 of Plaintiff's Original Complaint. By way of further response, Homeland specifically denies that Plaintiff is entitled to any of the damages sought in Plaintiff's Original Complaint.

### VII. [sic]
### PRAYER

49.     Homeland denies all allegations in the un-numbered prayer for relief set forth at page 11, Section VII [sic], of Plaintiff's Original Complaint.   By way of further response, Homeland specifically denies that Plaintiff is entitled to any judgment against Homeland in this matter and/or the recovery of any alleged damages, attorney's fees or interest described in the un-numbered prayer for relief set forth at page 11 of Plaintiff's Original Complaint.

### DEFENSES

### *First Defense*

50.     Plaintiff's claims are subject to all of the terms, conditions, limitations, and exclusions contained in the Homeland Insurance Company of New York, Policy No. 795-00-58-84-0000 (the "Policy").

### *Second Defense*

51.     Plaintiff's claims are barred, in whole or in part, to the extent the physical loss or damage claimed under the Policy was pre-existing and/or did not occur within the applicable Policy period.

### *Third Defense*

52.     The amount recoverable for Plaintiff's claims is limited by the Policy's Excess Limit of Liability and Participation to each "loss occurrence" by which the total limit of recovery in any one "loss occurrence" shall not exceed the lesser of the actual adjusted amount of loss less the "underlying limits," the reported values for each site of insurance involved and insured at a

Covered Excess Location less the "underlying limits," the interest of the Insured less the "underlying limits," or the Excess Limit of Liability and Participation shown in the Declarations.

### Fourth Defense

53.     Plaintiff's claims are barred, in whole or in part, to the extent there is other insurance covering the same loss or damage wherefore Homeland will pay only the amount of covered loss or damage in excess of the amount due from that other insurance.

### Fifth Defense

54.     Plaintiff's claims are barred, in whole or in part, to the extent the damage is not in excess of the "underlying insurance" limit in any "one loss occurrence."

### Sixth Defense

55.     Plaintiff's claims are barred, in whole or in part, to the extent any damage was not caused by or resulting from a covered cause of loss.

### Seventh Defense

56.     Plaintiff's claims are barred, in whole or in part, by the Policy's exclusion of loss caused directly or indirectly by, or resulting from water, including but not limited to, flood or water that backs up or overflows or is otherwise discharged from a sewer, drain, sump, sump pump or related equipment. The exclusion in the Policy provides as follows:

### V. EXCLUSIONS

This Policy does not insure against loss or damage caused directly or indirectly by or resulting from any of the following. Except as otherwise specifically stated, these exclusions apply to and limit or bar coverage under this Policy for loss or damage that may be covered by **"underlying insurance"**. Such loss or damage is excluded regardless of any other peril, cause or event contributing concurrently or in an y sequence to the loss. Such loss or damage is also excluded regardless of whether the event is caused by an act of nature , due to a man-made cause, due to an artificial cause or is otherwise caused; occurred suddenly or gradually; involved isolated or widespread damage; or occurred as a result of any combination of the following.

***

### K. Water

1. Flood, surface water, waves (including tidal wave and tsunami), tides, tidal water, overflow of any body of water, or spray from any of these, all whether or not driven by wind (including storm surge);
2. Mudslide or mudflow;
3. Water, or other material, that backs up or overflows or is otherwise discharged from a sewer, drain, sump, sump pump or related equipment;
4. Water under the ground surface pressing on, or flowing or seeping through:
   **a.** Foundations, walls, floors or paved surfaces;
   **b.** Basements, whether paved or not; or
   **c.** Doors, windows or other openings; or
5. Waterborne material carried or otherwise moved by any of the water referred to in Paragraph **K.1.**, **K.3.** or **K.4.**, or material carried or otherwise moved by mudslide or mudflow.

As noted above, this exclusion applies regardless of whether any of the above, in Paragraphs **K.1.** through **K.5.**, is caused by an act of nature or is otherwise caused. An example of a situation to which this exclusion applies is the situation where a dam, levee, seawall or other boundary or containment system fails in whole or in part, for any reason, to contain the water.

### *Eighth Defense*

57.     Plaintiff's claims are barred, in whole or in part, by the Policy's exclusion for loss or damage caused directly or indirectly by or resulting from a "named storm" and all weather phenomena associated with or occurring in conjunction with a "named storm", including but not limited to, rain, flood, wind, wind gusts, hurricanes, or tropical storms or lightning, to covered property listed in the Policy's Schedule of Tier 1 Counties and Parishes.   Those counties specifically include: Aransas, Brazoria, Calhoun, Cameron, Chambers, Galveston, Harris, Jackson, Jefferson, Kenedy, Kleburg, Liberty, Matagorda, Newton, Nueces, Orange, Refugio, San Patricio, Victoria, Willacy. Specifically, the Policy provides as follows:

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY**

**NAMED STORM EXCLUSION FOR HAZARD ZONE LOCATIONS**

This endorsement modifies insurance provided under the following:

EXCESS PROPERTY POLICY – FOLLOWING FORM

A.   The following exclusion is added to the **EXCLUSIONS** Section:

**Named Storm**

**"Named storm"** and all weather phenomena associated with or occurring in conjunction with a **"named storm"**, including rain, **"flood"**, wind, wind gusts, snow, hail, sleet, tornadoes, cyclones, hurricanes, tropical storms or lightning.

This exclusion applies to loss or damage which occurs in any of the following counties or parishes:

See OBSP 103 04 16 Schedule of Tier 1 Counties and Parishes.

B.   The following definition is added to the DEFINITIONS Section:

**"Named storm"** means a storm system that has been identified as a tropical storm or hurricane and assigned a name by the National Hurricane Center or the Central Pacific Hurricane Center of the National Weather Service.

## ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED

### *Ninth Defense*

58.     Plaintiff's claims are barred, in whole or in part, by the Policy's exclusion for the enforcement of, or compliance with, any ordinance or law regulating the construction, use or repair of any property, or requiring the tearing down of any property, in whole or in part, including the cost of removing its debris.

### *Tenth Defense*

59.     Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to mitigate its claimed damage.

### *Eleventh Defense*

60.     Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, estoppel, waiver, and unclean hands.

### *Twelfth Defense*

61.     Plaintiff's claims may be subject to the appraisal provision in the Policy, which applies in the event of any disagreement as to the amount of loss. Homeland specifically reserves its rights under the appraisal provision of the Policy.

*Thirteenth Defense*

62.     Notwithstanding the Policy's "Named Storm" exclusion, a bona fide controversy exists concerning the extent of Plaintiff's entitlement to benefits under Defendants' policies. Homeland and its employees, agents, representatives, and adjusters are entitled to value claims differently from Homeland's policyholders without facing bad faith or extra-contractual liability. Homeland would show that a bona fide controversy exists regarding the scope of any alleged covered loss and the extent to which any asserted loss was the result of a covered occurrence to covered property.

*Fourteenth Defense*

63.     Homeland pleads the terms, conditions, provisions, limitations, exclusions and endorsements of the Policy as if copied herein in full and places Plaintiff on its full proof of any allegations seeking to infer liability on behalf of any party by virtue of the existence of the Policy.

*Fifteenth Defense*

64.     Homeland also pleads the terms, conditions, provisions, limitations, exclusions and endorsements of Beazley Policy No. W1E467170101, the Primary Policy, as if copied herein in full.

*Sixteenth Defense*

65.     Notwithstanding the Policy's "Named Storm" exclusion, the Policy's insuring agreement provides as follows:

### EXCESS PROPERTY POLICY – FOLLOWING FORM

**I. INSURING AGREEMENT**

   **A.** In consideration of the premium shown in the Declarations and subject to the terms, conditions, limitations and exclusions in this Policy, this Company will indemnify the Insured for the Insured's **"ultimate net loss"** in excess of the **"underlying limits"** which are paid or agreed to be paid by all **"underlying insurer(s)"**.

**B.** This Company will be liable only after all **"underlying insurer(s)"** have paid or agreed to pay the full amount of the **"underlying limits"** exclusively for loss or damage to **"covered property"**. In no event will the coverage provided under this Policy attach at an amount less than the **"underlying limits"**. Payment for or agreement to pay for loss or damage to property other than **"covered property"** will not erode or exhaust the **"underlying limits"** for purposes of determining the amounts owed under this Policy.

**C.** The insurance provided by this Policy will be subject to the same terms, conditions, limitations and exclusions as the property coverage provided under the **"primary underlying insurance"**, except for the limits of liability, any amount due under this Policy, any renewal agreement or cancellation provision, any obligation to investigate or defend, and except as provided elsewhere in this Policy. In no event will this Policy provide coverage for loss or damage to property insured by any **"underlying insurance"** that is not **"covered property"** nor will this Company indemnify the Insured for any loss, damage or perils not insured under this Policy.

**D.** Coverage provided under this Policy will not be broader than that provided by the **"underlying insurance"**. If the terms, conditions, limitations or exclusions in this Policy are more restrictive than those of the **"primary underlying insurance"**, the more restrictive provisions of this Policy will apply.

### *Seventeenth Defense*

66.    Notwithstanding the Policy's "Named Storm" exclusion, the Policy's insuring agreement provides as follows:

### III. LIMITS OF LIABILITY
#### A. Excess Limit of Liability and Participation

1.    This Policy's limit of liability in any one **"loss occurrence"** is the Excess Limit of Liability shown in the Declarations. Upon exhaustion of the **"underlying limits"**, and subject to the terms, conditions, limitations and exclusions of this Policy, this Company will be liable for its Excess Participation shown in the Declarations of the **"ultimate net loss"** to the Insured that is excess of the **"underlying limits"** up to the Excess Limit of Liability shown in the Declarations.

2.    The Excess Limit of Liability and Participation shown in the Declarations is the total limit of this Company's liability applicable to each "loss occurrence". Notwithstanding any other terms and conditions of this Policy, in no event will the liability of this Company exceed this limit regardless of the number or type of coverages, property or locations involved or affected.

Subject to the paragraph above, the total limit of recovery in any one "loss occurrence" under this Policy will not exceed the lesser of the following:

a.    The actual adjusted amount of loss less the "underlying limits";

b.    The reported values for each item of insurance involved and insured at a Covered Excess Location shown in the Declarations, less the "underlying limits". If no value, item or location is reported to this Company then there is no coverage;

c.    The interest of the Insured less the **"underlying limits"**; or

d.    The Excess Limit of Liability and Participation shown in the Declarations.

### *Eighteenth Defense*

67.    The "Fungus, Wet Rot, Dry Rot or Bacteria Exclusion" in the Policy precludes coverage, in whole or in part, for the damages sought by Plaintiff. The Policy states:

## V. EXCLUSIONS

This Policy does not insure against loss or damage caused directly or indirectly by or resulting from any of the following. Except as otherwise specifically stated, these exclusions apply to and limit or bar coverage under this Policy for loss or damage that may be covered by **"underlying insurance"**. Such loss or damage is excluded regardless of any other peril, cause or event contributing concurrently or in an y sequence to the loss. Such loss or damage is also excluded regardless of whether the event is caused by an act of nature , due to a man-made cause, due to an artificial cause or is otherwise caused; occurred suddenly or gradually; involved isolated or widespread damage; or occurred as a result of any combination of the following.

*** 

### H. Fungus, Wet Rot, Dry Rot, Virus or Bacteria

Actual or threatened existence, growth, presence , transmission, migration, dispersal or any activity of **"fungus"**, wet rot, dry rot, virus or bacteria. This Policy does not cover the costs or expenses of removal, disposal, decontamination or replacement of **"covered property"** which has been contaminated by s or bacteria.

### *Nineteenth Defense*

68.    The "Fungus, Wet Rot, Dry Rot or Bacteria Exclusion" in the Policy precludes coverage, in whole or in part, for the damages sought by Plaintiff. The Policy states:

## V. EXCLUSIONS

This Policy does not insure against loss or damage caused directly or indirectly by or resulting from any of the following. Except as otherwise specifically stated, these exclusions apply to and limit or bar coverage under this Policy for loss or damage that may be covered by **"underlying insurance"**. Such loss or damage is excluded regardless of any other peril, cause

or event contributing concurrently or in an y sequence to the loss. Such loss or damage is also excluded regardless of whether the event is caused by an act of nature , due to a man-made cause, due to an artificial cause or is otherwise caused; occurred suddenly or gradually; involved isolated or widespread damage; or occurred as a result of any combination of the following.

\*\*\*

**Ordinance or Law**

The enforcement of or compliance with any ordinance or law:

1.  Regulating the construction, use or repair of any property; or

2.  Requiring the tearing down of any property, in whole or part, including the cost of removing its debris.

This exclusion, Ordinance or Law, applies whether the loss results from:

   a.  An ordinance or law that is enforced even if the property has not been damaged; or

   b.  The increased costs incurred to comply with an ordinance or law in the course of construction, repair, renovation, remodeling or demolition of property, or removal of its debris, following a physical loss to that property.

### *Twentieth Defense*

69.      Coverage for the damages sought by Plaintiff are precluded, in whole or in part, based

upon Plaintiff's violation of the following Policy conditions:

## E.  DUTIES IN THE EVENT OF LOSS OR DAMAGE

\*\*\*

**h.** Cooperate with this Company in the investigation or settlement of the claim.

\*\*\*

### *Twenty-first Defense*

70.      To the extent applicable to damages sought by Plaintiff, the Policy excludes the

following:

## IV. COVERAGE LIMITATIONS

   **A.**      In no event will this Company indemnify any Insured for the following:
   1.  Asbestos removal, unless the asbestos is itself damaged by fire; lightning; explosion; windstorm or hail; smoke; aircraft or vehicle impact; riot or civil commotion; vandalism; malicious mischief; or leakage or accidental discharge from an automatic fire protective system. In no event will this Company

indemnify any Insured for the removal of asbestos from land or water or locations other than the Covered Excess Locations shown in the Declarations.

2. Demolition or increased cost of reconstruction, repair or debris removal necessitated by the enforcement of any law or ordinance regulating asbestos removal; or

3. Any governmental direction or request declaring that asbestos present in or part of or utilized on any undamaged portion of the Insured's property can no longer be used for which it was intended or installed and must be removed or modified; including any resulting time element loss, such as business income loss, incurred extra expense or loss of rents.

### Twenty-second Defense

71.   Plaintiff's claimed damages are further precluded, in whole or in part, by the following general exclusions contained in the underlying Primary Policy:

A.   Unless specifically stated elsewhere in this Policy, this Policy excludes:

1)   indirect or remote loss or damage;

2)   interruption of business;

3)   loss of market or loss of use;

4)   loss or damage or deterioration arising from any delay;

\*\*\*

9)   loss, damage, cost or expense of whatsoever nature, directly or indirectly caused by, resulting from or in connection with any of the following regardless of any other cause or event, whether or not insured under this Policy, contributing concurrently or in any other sequence to the loss:

\* \* \*

i)   lack of the following services:

i)   incoming electricity, fuel, water, gas, steam, refrigerant;

ii)   outgoing sewerage; and/or

iii)   incoming or outgoing voice, data or video all when caused by an Occurrence off the Insured Location.

### Twenty-third Defense

72.     Plaintiff's claimed damages are further precluded, in whole or in part, by the following additional general exclusions contained in the underlying Primary Policy:

B.      This Policy excludes the following, but, if direct physical loss or physical damage not excluded by this Policy results, then only such resulting damage is insured:

1)      faulty workmanship, material, construction or design from any cause.

2)      loss or damage to stock or material attributable to manufacturing or processing operations while such stock or material is being processed, manufactured, tested, or otherwise worked on.

3)      deterioration, depletion, rust, corrosion or erosion, wear and tear, inherent vice or latent defect.

4)      settling, cracking, shrinking, bulging, or expansion of:

a)      foundations (including any pedestal, pad, platform or other property supporting machinery).

b)      floors.

c)      pavements.

d)      walls.

e)      ceilings.

f)      roofs.

5)   a)      changes of temperature damage (except to machinery or equipment); or

b)      changes in relative humidity damage, all whether atmospheric or not.

* * *

### *Twenty-fourth Defense*

73.     Plaintiff's claimed damages are further precluded, in whole or in part, or limited, by the Prior Loss Clause Endorsement of the Primary Policy, which provides as follows:

Notwithstanding any provision to the contrary applicable to this Policy, this Policy does not insure against the following:

1. any loss, damage or expense that existed prior to the inception of this Policy, which has been damaged and not since been fully repaired;
2. any loss, damage, or expense that may occur due to any repairs or work that takes place on said insured property;
3. any loss, damage, or expense that would not have occurred if repairs to previously damaged property had been fully completed.

### *Twenty-fifth Defense*

74.    Plaintiff's claims against Homeland with respect to any investigation, adjusting or handling of Plaintiff's claim, including any and all extra-contractual claims and any alleged violation of the Texas Insurance Code fails because Homeland is an excess insurer and has no duty to investigate or adjust Plaintiff's claim until the limits of the underlying Primary Policy are exhausted and paid.

### *Twenty-sixth Defense*

75.    The imposition of punitive damages in this case would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

### *Twenty-seventh Defense*

76.    Pleading in the alternative, to the extent that any property damage was owed or Homeland was determined to have any duty to investigate or adjust Plaintiff's claim, Homeland's ability to adjust the claim was prejudiced by Plaintiff's intentional destruction of relevant evidence, including but not limited to portions of the property locations at issue.

### *Twenty-eighth Defense*

77.    Plaintiff has failed to fully comply with policy terms and provisions, including but not limited to failing to separate damage in existence before the inception of the Primary Policy and the Policy from the property damaged during Hurricane Harvey, if any.

### *Twenty-ninth Defense*

78.     As of the filing of this Answer, Plaintiff has failed to provide detailed and itemized estimates or invoices setting forth the scope of demolition and/or repairs for each specific claimed property resulting from Hurricane Harvey.

### *Thirtieth Defense*

79.     Plaintiff is barred or limited, in whole or in part, from recovering damages for extra-contractual claims or attorneys' fees because of Plaintiff's excessive demand.

### *Thirty-first Defense*

80.     Homeland reserves the right to assert additional defenses with respect to such losses or damages as additional information becomes available or apparent as this litigation proceeds.

## PRAYER

81.     Homeland prays that (i) Plaintiff's claim for relief be denied in its entirety, (ii) Plaintiff take nothing by its claims, and (iii) Homeland be granted such other and further relief to which the Court may find it is justly entitled.

Respectfully submitted,

By:*/s/ Brett A. Wallingford*
    Brett A. Wallingford
    Texas Bar No. 00797618
    Southern District of Texas No. 28071
    bwallingford@zelle.com

**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, TX 75202-3975
Telephone:      214-742-3000
Facsimile:      214-760-8994

**ATTORNEY IN CHARGE FOR DEFENDANT
HOMELAND INSURANCE COMPANY OF
NEW YORK**

**OF COUNSEL:**

**ZELLE LLP**
Victoria L. Vish
Texas Bar No. 24089850
Southern District of Texas No. 3049500
vvish@zelle.com

901 Main Street, Suite 4000
Dallas, TX 75202-3975
Telephone:     214-742-3000
Facsimile:     214-760-8994

<u>**CERTIFICATE OF SERVICE**</u>

      This is to certify that a true and correct copy of the above and foregoing has been served this 11ᵗʰ day of October 2018, in accordance with the Federal Rules of Civil Procedure as follows:

Richard D. Daly                      Via E-Service
John Scott Black
**DALY & BLACK, PC**
2211 Norfolk Street, Suite 800
Houston, TX 77098
*Attorneys for Plaintiff*

Jerrod L Rinehart                   Via E-Service
Carter L. Ferguson
**BRACKETT & ELLIS, P.C.**
100 Main Street
Fort Worth, Texas 76102-3090
*Attorneys For Defendant Axis Corporate*
*Capital UK, Limited*

Sarah Russell Smith                 Via E-Service
Jennifer E. Michel
Allison Griswold
**LEWIS BRISBOIS BISGAARD SMITH LLP**
24 Greenway Plaza, Suite 1400
Houston, TX 77046
*Attorney for Defendants Liberty Surplus*
*Insurance Corporation, Underwriters at*
*Lloyd's London Subscribing to Policy No.*
*W1E467190101, Beazley Lloyd's Syndicate*
*2623, Beazley Lloyd's Syndicate 623*

Kristen Walsh McDonald                    Via E-Service
David A. Clark
**AKERMAN LLP**
1300 Post Oak Blvd., Suite 2500
Houston, TX 77056
*Attorney for Defendant Hallmark Specialty*
*Insurance Company*


                                    */s/ Brett A. Wallingford*
                                      Brett A. Wallingford