**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| **ROYAL HOSPITALITY CORP.,** | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO: 3:18-CV-00102** |
| **UNDERWRITERS AT LLOYD'S,** | § | |
| **LONDON SUBSCRIBING TO** | § | |
| **POLICY NUMBER W1E467190101,** | § | |
| **BEAZLEY LLOYD'S SYNDICATE** | § | |
| **2623, BEAZLEY LLOYD'S** | § | |
| **SYNDICATE 623, LIBERTY** | § | |
| **SURPLUS INSURANCE** | § | |
| **CORPORATION, HALLMARK** | § | |
| **SPECIALTY INSURANCE** | § | |
| **COMPANY, UNDERWRITERS AT** | § | |
| **LLOYD'S LONDON SUBSCRIBING** | § | |
| **TO POLICY NUMBER** | § | |
| **93PRX17EEF8, LLOYD'S OF** | § | |
| **LONDON NOVAE 2007** | § | |
| **SYNDICATE, AND HOMELAND** | § | |
| **INSURANCE COMPANY OF NEW** | § | |
| **YORK,** | § | |
| *Defendants*. | § | |

## PLAINTIFF ROYAL HOSPITALITY CORP.'S MOTION TO COMPEL PRODUCTION OF NON-PRIVILEGED DOCUMENTS AND FOR IN CAMERA REVIEW

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COME NOW**, Plaintiff Royal Hospitality Corp. ("Royal"), by and through its attorney of record, and files this Motion to Compel to Defendants Beazley Underwriting, Ltd. ("Beazley") and Liberty Surplus Insurance Corporation ("Liberty") (collectively "Defendants") and in support would show the following:

**BACKGROUND FACTS**

This case arises out of damage caused by Hurricane Harvey on or about August 25-29, 2017 to properties owned by Royal, specifically 54 Church's Chicken Restaurants throughout the Texas area ("the Properties"). Royal purchased a commercial property policy covered by Beazley and an excess coverage policy through Liberty.  As a result of the catastrophic damage caused by Hurricane Harvey, Royal immediately filed a claim with Defendants on August 29, 2017, for damages to Royal's real property, business personal property and business interruption loss.

After Royal filed its claim, Defendants assigned Val Mansfield of McLarens, an adjusting company, as their independent individual adjuster. The documents that are the subject of this motion relate to Defendant's and Mansfield's investigation and assessment of the damages to the Properties. Many of the documents and communications predate the filing of this lawsuit. Defendants assert the attorney-client privilege and work product doctrine over numerous internal communications between Defendant business employees (not lawyers) and/or Mansfield about the work they performed to assess the damage to the Properties.

Defendants each provided Royal with a privilege log and both logs are littered with deficiencies. *See* Ex. A, B. Defendants' privilege logs fail to include: (1) job titles of the listed recipients, including whether any recipient was acting in the capacity of an attorney; (2) sufficiently detailed descriptions of the communications to support the privilege being asserted; and (3) numbered entries to distinguish and identify each entry. Additionally, Beazley failed to include all the redacted documents on its privilege log.

Royal contends that many of the documents in Defendants' privilege logs are not privileged. For example, it appears that the attorney-client privilege is asserted for communications between non-lawyers, confidentiality is asserted as a privilege, and the work-product privilege is

asserted for documents created in the ordinary course of business and not in anticipation of litigation.

The documents at issue can be grouped into the following categories:

1. Redacted documents not listed in the privilege log.

2. Documents marked 'Confidential.'

3. Communications and documents marked "Work Product" sent between non-attorney employees working on the assessment and adjustment of Royal's claim.

4. Communications between non-attorneys on which an attorney was copied.

5. Documents and communications marked "Attorney-Client" sent to or from an attorney that do not seek or provide legal counsel.

6. Documents and communications marked "Joint Defense."

## ARGUMENT AND AUTHORITIES

Defendants bear the burden to present evidence necessary to support its assertion of privilege. *See Hodges, Grant & Kaufmann v. United States*, 768 F.2d 719, 721 (5th Cir. 1985). In 1993, the Advisory Committee amended Rule 26 to include subdivision (b)(5) which requires a party to "notify other parties if it is withholding materials otherwise subject to disclosure under the rule or pursuant to a discovery request because it is asserting a claim of privilege or work product production." FED. R. CIV. P. 26(b)(5) advisory committee's note to the 1993 amendment. A privilege log's description of each document and its contents must provide sufficient information to permit courts and other parties to "test[] the merits of" the privilege claim. *United States v. El Paso Co.,* 682 F.2d 530, 541 (5th Cir. 1982).

It is clear, even with the deficiencies of Defendants' privilege logs, that the primary purpose of Defendants' investigation of the Properties was to assess the damages caused by Hurricane Harvey in order to adjust the claims. Defendants have produced a number of documents relating to its investigation and assessment of the damage to Royal's properties, and they rely on

evidence from that assessment for its case-in-chief. It is not appropriate for Defendants to cherry-pick the documents they wish to produce from their investigations, and withhold and/or redact as "privileged" those it does not wish to produce.

### 1.  Redacted documents not listed on the privilege log.

Beazley redacted a number of documents, but failed to include the documents in their privilege log. Royal has identified the following entries on Beazley's privilege log that fall in this category: Ex. A at UNDERWRITER 003821, 003850, 004741, 005417, and 007583.

### 2.  Documents marked 'Confidential.'

Defendants redacted a number of documents and asserted the 'Confidential' privilege. 'Confidential' is not a recognized privilege. Defendants can seek a protective order if they wish to protect confidential information.   Royal has identified the following entries on Defendants' privilege log that fall in this category: Ex. A at UNDERWRITER 004349-67, 004466, and 004589; Ex. B at LIBERTY 000036.

### 3.  Communications and documents marked "Work Product" between non-attorney employees working on the assessment and adjustment of Royal's claim.

The party asserting the work-product protection has the burden of establishing its applicability. *See Hodges, Grant & Kaufmann v. U.S. Government, Dept. of the Treasury, I.R.S.*, 768 F.2d 719, 721 (5th Cir. 1985). The work product doctrine provides a qualified protection of documents prepared by or for a party "in anticipation of litigation." *See United States v. El Paso Co.,* 682 F.2d 530, 542 (5th Cir. 1982). Liberty claims on its privilege log that it anticipated litigation as early as September 7, 2017, seven months before this lawsuit was filed.  Similarly, Beazley claims on its privilege log that it anticipated litigation as early as October 12, 2017, six months before this lawsuit was filed. However, a number of documents withheld based on the

work product doctrine appear to be communications that were not made in anticipation of litigation. They were made in connection with the routine investigation and adjustment of insurance claims made by Royal. These include reports prepared by the independent adjuster retained by Defendants, Van Mansfield.

Under Fifth Circuit precedent, the work product privilege does not protect documents unless the ***primary purpose*** of the creation of the document was to aid in possible future litigation. *See United States v. El Paso Co.,* 682 F.2d 530, 542 (5th Cir. 1982) (quoting *United States v. Davis*, 636 F.2d 1028, 1040 (5th Cir. Unit A 1981)). If the document would have been created regardless of whether litigation was expected to ensue, the document is deemed to have been created in the ordinary course of business and not in anticipation of litigation." *Elec. Data Sys. Corp. v. Steingraber*, No. 4:02 CV 225, 2003 WL 21653414, at *5 (E.D. Tex. July 9, 2003) (citing *Piatkowski v. Abdon Callais Offshore, L.L.C.,* No. 99-3759, 2000 WL 1145825, at *2 (E.D. La. Aug. 11, 2000)).

Royal has identified the following entries on Defendants' privilege log that fall in this category: Ex. A at UNDERWRITER 000933, 000939, 000941, 000942, 000943, 000946, 000948, 000949, 000952, 000957-58, 000966, 000985, 001058, 001059, 001066, 001143, 001191, 001192, 002158-61, 002163, 002174-77, 002180-81, 002183-84, 002186-87, 003826-27, 003831, 004463, 004468, 004470, 004473-75, 004477, 004534, 04550, 004604, 004607, 004612, 004614, 005422, 005428-29, 005587-88, 005590-92, 005594-96, 005631, 005636, 005730-31, 005733-35,005775, 005788, 006953-54, 006957-61, 006963-65, 006968, 006970-71, 006978, 006980, 007281-82, 007284, 007292, 007314, 007320-22, 007386, 007441-44, 007481, 007588-89, 008535, 008662, 008711, 008713, and 008761; Ex. B at LIBERTY 000025, 0000028-29, 000058-61, 000063, 000096-000141, 000228, 000230, 000269-270, 000280, 000284, 000425, 000622, 000753,

000938, 001329, 001785, 001842, 001911, 001998, 002079, 002158, 002234, 002315, 002408,

002494, 002605, 002729, 002840, 003044, 003305, 003507, 003592, 003963-64, 003974-75,

003993-4007, 004010, 004019, 005599-600, 005631, 005666-68, 005670-75, 005685, 005691-94,

005713, 005810, 005880-81, 006007-08, 006179-80, 006230, 006335, and 006386.

### 4.  Communications between non-attorneys on which an attorney was copied.

What would otherwise be routine, non-privileged communications between corporate officers

or employees transacting the general business of the company do not attain privileged status solely

because in-house or outside counsel is 'copied in' on correspondence or memoranda." *Andritz*

*Sprout-Bauer, Inc. v. Beazer E., Inc.,* 174 F.R.D. 609, 633 (M.D.Pa. 1997) (citing *United States*

*Postal Serv. V. Phelps Dodge Refining Corp.,* 852 F. Supp. 156, 163-64 (E.D.N.Y. 1994)). A party

may not cloak a document with the attorney-client privilege simply by forwarding it to his attorney.

*Alpert v. Riley*, 2009 WL 1226767, *10 (S.D.Tex. Apr. 30, 2009).

Defendants' privilege logs do not provide sufficient information to show that the

communications on which an attorney was merely copied were made in order to facilitate the

rendition of legal services. Rather, it appears that every time an attorney is copied, the

communication has been withheld regardless of whether it satisfies the requirements of the

attorney-client privilege.

Royal has identified the following entries on Defendants' privilege log that fall in this category:

Ex. A at UNDERWRITER 001059, 1060, 1061, 001300, 001376, 002158, 002189-90, 003723,

003842, 004016, 004029, 004135, 004475, 004435-36, 005433, 005570, 005605-06, 005608-10,

005619-21, 005623-25, 005538-39, 005642, 005644, 005736-41, 005743-48, 005769, 005812,

006977, 007058-59, 007062-63, 007291, 007299-300, 007314, 007355, 007470-71, 007478-79,

007664, and 008627 ; Ex. B at LIBERTY 005577-78, 005583, 005814, 005897, 006014, and 006384-85.

### 5. Documents or communications marked 'Attorney-Client' sent to or from an attorney that do not seek or provide legal counsel

The Fifth Circuit has ruled for a communication to be protected under the attorney-client privilege, the proponent must prove: "(1) that he made confidential communication; (2) to a lawyer or his subordinate; (3) for the primary purpose of securing either a legal opinion or legal services, or assistance in some legal proceeding. *United States v. Robinson,* 121 F.3d 971, 974 (5th Cit. 1997). A number of withheld and/or redacted documents and communications appear to have been made for the purpose of assessing and repairing storm damage, not for the purpose of seeking legal advice or services. "The attorney-client privilege does not protect against discovery of underlying facts from their source merely because those facts have been communicated to an attorney." *United States v. El Paso Co.,* 682 F.2d 530, 589 (5th Cir. 1982). "The privilege must be specifically asserted with respect to particular documents." *Id.* at 539.

Defendants' failure to describe the communications withheld or redacted due to attorney-client privilege makes it nearly impossible without an *in camera* inspection to determine if the privilege actually applies. Royal has identified the following entries on Defendants' privilege log that fall in this category: Ex. A at UNDERWRITER 000994, 001065, 001104, 001206, 001227, 001232, 001302, 001376, 002110, 002116, 002186, 002189-90, 003192, 003874, 004029, 004032, 004034-35, 004129-30, 004141, 004423-24, 00434-35, 004550, 004604-05, 005310, 005572-74, 005585-86, 005597-98, 005604, 005606, 005610 005612-17, 005639; 005641, 005643, 005652-53, 005696-97, 005750-51, 005768, 005772, 005807-09, 005811, 005814-15, 005817-18, 005820. 005836-37, 005843, 005891-94, 005900, 006955, 006966-67, 006972, 006982-85, 006987-88,

006991, 006993-94, 006997, 007057, 007132-37, 007141-42, 007144, 007170-71, 007224-26, 007234-35, 007294, 007316, 007320-22, 007355-57, 007359-62, 007365-66, 007379-80, 007406, 007421, 007434, 007436, 007475-76, 007590, 008236, 008241, 008519, 008618, and 008756; Ex. B at LIBERTY 005584-85, 005593, 005597, 005601-03, 005687-88, 005690, 005717, 005983-98, 006001-06, 006171, and 6174-75.

### 6.  Documents marked 'Joint Defense.'

The attorney-client privilege is waived if the confidential communications has been disclosed to a third party, unless made to attorneys for co-parties in order to further a joint or common interest (known as the common interest rule or the joint defense privilege). *In re Auclair*, 961 F.2d 65, 69 (5th Cir. 1992). This privilege does not apply when the communications are not made to attorneys or if third-parties are included in the communications.

The joint defense rule applies when multiple parties to a lawsuit, each represented by different attorneys, communicate among themselves for the purpose of forming a common defense strategy. *In re XL Specialty Ins. Co*., 373 S.W.3d 46, 51 (Tex. 2012). The joint defense doctrine applies only in the context of litigation. *Id*. Defendants improperly asserted the joint defense privilege for communications made between non-lawyers and for communications made before April 6, 2018.

Royal has identified the following entries on Defendants' privilege log that fall in this category: Ex. A at UNDERWRITER 001064, 4018-25, 004604-05, 005428-29, 005585-88, 005590-92, 005594-96, 005736-41, 005746-48, 006968, 006970, 006979, 0079079-88, 007092—97, 007099, 007134-37, 007724-25, 007316, 007355-57, 007359-62, 007365-66, 007379-80, 007421, 007434, and 007436; Ex. B at LIBERTY 003993-4007, 004010, 004019, 005577-78,

005593, 005597, 005599-600, 005685, 005687-88, 005690, 005691-92, 005814, 005810, 005880-81, and 006007.

## PRAYER FOR RELIEF

For the foregoing reasons, the Court should compel Beazley to produce, within five (5) days, the documents identified herein from Beazley's privilege log.

In addition, the Court should compel Liberty to produce, within five (5) days, the documents identified herein from Liberty's privilege log.

Alternatively, to the extent any uncertainty exists as to whether any of these communications and documents are covered by the attorney-client or work product privileges, this Court should order Defendants to produce the documents identified herein to this Court for an *in camera* review within five (5) days to determine if the documents are privileged. Royal further requests that this Court grant it all other relief to which it may be entitled.

Respectfully submitted,

DALY & BLACK, P.C.

By: ___/s/ *Richard D. Daly*_____
      Richard D. Daly
      TBA No. 00796429
      Federal Bar No. 20706
      rdaly@dalyblack.com
      ecfs@dalyblack.com
      John Scott Black
      TBA No. 24012292
      jblack@dalyblack.com
      2211 Norfolk St., Suite 800
      Houston, Texas 77098
      713.655.1405—Telephone
      713.655.1587—Fax
      **ATTORNEYS-IN-CHARGE FOR PLAINTIFF ROYAL HOSPITALITY CORP**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record in accordance with the Federal Rules of Civil Procedure on this, the 11th day of January, 2019.

/s/ *Richard D. Daly*
Richard D. Daly

## **CERTIFICATE OF CONFERNCE**

I hereby certify that opposing counsel for Defendants Beazley Underwriting, Ltd. and Liberty Surplus Insurance Corporation was conferred with regarding the deficiencies of Defendants' privilege log. Defendants have not provided an updated privilege log or produced the non-privileged documents.

/s/ *Richard D. Daly*
Richard D. Daly